**BREWSTER CO., Inc., v. LEIENDECKER.**

No. 4338.

Court of Appeal of Louisiana. Second Circuit.

June 29, 1932.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellant.

Pugh, Grimmet & Boatner. and Sam Robertson, all of Shreveport, for appellee.

DREW, J.

Plaintiff alleged that during the months of March and April, 1930, it loaned to J. C. Barber certain patterns made of wood for use in conducting a foundry, and attached to its petition an itemized list of said patterns; that J. C. Barber, during the months of January and February, 1931, sold the said patterns to J. A. Leiendecker, defendant herein; and that petitioner is entitled to possession of said patterns. It prays that it be recognized to have the right to possession of said patterns and that defendant be ordered to surrender possession of same to it.

Defendant in answer denied that plaintiff loaned the patterns to J. C. Barber; admitted he purchased said patterns from Barber, and denied the right of petitioner to possession of the patterns; and pleaded in the alternative, if the court should hold that the patterns were loaned to Barber by plaintiff and that plaintiff is the owner thereof, that he (the defendant) has a lessor's lien and privilege thereon to secure the sum of $3,000, for the following reasons:

That on January 31, 1930, defendant leased to J. C. Barber a tract of land and improvements thereon, for use as a foundry; that the term of the lease was five years from February 1, 1930, and the consideration $3,000, payable $50 per month; that subsequent to the execution of said lease, the patterns claimed by plaintiff were placed upon said leased premises, with plaintiff's knowledge, and consent, when the rent was unpaid; that in acquiring said property from J. C. Barber, the consideration was the cancellation of the lease contract and release of Barber from his obligation thereunder; that if Barber did not own the property, then there was no consideration for the cancellation of the lease or the release of the lessee's obligation; that said cancellation or release should now be set aside and the lessor's lien and privilege revived, in so far as the property involved in this suit is or would be affected.

Defendant prays first that plaintiff's demands be rejected and, in the alternative, that the cancellation of the lease to J. C. Barber and his release from his obligation thereunder be canceled and set aside, in so far as the property involved in this suit is concerned; that his lessor's lien and privilege thereon be revived, and that the property be sold according to law; and that the consideration of $3,000 for said lease be paid out of the proceeds of the sale by preference and priority.

At the conclusion of the trial and before decision by the lower court, defendant filed a plea of estoppel alleging that upon the facts developed on the trial, plaintiff was estopped from contesting defendant's lessor's lien and privilege upon the property herein involved.

The lower court rendered judgment for plaintiff, recognizing its ownership and right to possession of the patterns described in the petition, and ordering defendant to surrender possession of them. The judgment is silent as to the alternative demand of plaintiff, as well as to the plea of estoppel. The plea of estoppel has not been urged in this court.

The lower court found as a fact that the patterns were loaned by plaintiff to J. C. Bar-

ber, which finding is supported by the evidence and is uncontradicted. It therefore follows that plaintiff is entitled to possession of the patterns, unless defendant is entitled to a lessor's lien and privilege upon them.

The following is the contract and agreement entered into between J. C. Barber and defendant:

"State of Louisiana, Parish of Caddo:

"Be it known, that, this contract and agreement by and between J. C. Barber and J. A. Leiendecker, witnesseth:

"That the said J. C. Barber by these presents does hereby bargain, sell, transfer and deliver unto the said J. A. Leiendecker that one certain foundry located in Cedar Grove, Shreveport, Caddo Parish, Louisiana, including the entire foundry business, as located at the plant at Cedar Grove, together with all rights and privileges pertaining thereto, all patterns, all scrap iron, all clean castings, all tools, one certain lot of castings now located at Cunningham machine shop consisting of parts of brass furnace and all contracts connected with the said plant, it being the object and purpose of this contract to deliver to the said vendee the entire plant at Cedar Grove, with all appurtenances thereto belonging, this being a lock and key walkout deal.

"For and in consideration of the foregoing, the said J. A. Leiendecker hereby agrees to release the said J. C. Barber from the lease contract now in existence and covering the property on which the said foundry is located and cancel all notes and accounts in connection therewith, past due or to become due and to release the said J. C. Barber from all indebtedness now due said J. A. Leiendecker and to release the said J. C. Barber from all accounts now due by him to Leiendecker Lumber & Industrial Co. Inc.

"As a further consideration, the said J. A. Leiendecker by these presents assumes the following debts of the said J. C. Barber:

"Robert Lafite, for labor at plant to date (bill to be furnished),

"Cupola Tender, labor, $27.00.

"Gas bill, $2.00.

"Amount due K. S. S. for use of railroad switch, $8.85.

"Kalmback-Burckett Company, rent, $70.00.

"Other rent, $9.00.

"As a further consideration the said J. A. Leiendecker agrees to deliver to the said J. C. Barber clean castings, lumber and building materials to the extent of Eight Hundred Fifty ($850.00) Dollars. The said lumber and materials to be in the proportion of as much as 50%. The price of such lumber shall be on a basis of #2 common, at $20.00 per thousand, and castings at the rate of $60.00 per ton net, and to consist of such castings as grate bars, brake shoes and other heavy standard casting. All other castings at the market price, less 10%. Such patterns are now housed in a building adjoining the plant hereby transferred.

"Thus done and signed, in duplicate, at Shreveport, Caddo Parish, Louisiana, this the 14th day of January 1931.

"J. C. Barber
"J. A. Leiendecker.

"Witnesses:
"D. Johnson
"M. Gladney"

■ Defendant does not pray that this contract be annulled in its entirety, but only prays that it be canceled and set aside in so far as the property involved in this suit is concerned. To cancel or set aside, in part or in whole, the contract and agreement between defendant and J. C. Barber, it is necessary that J. C. Barber, or his heirs, if he is dead, be before the court, and they have not been made parties to this suit.

■ Defendant's position is that he does not want to set aside the cancellation of the lease, as per the agreement and contract. He wants the contract, in that respect, to stand, but he is asking the court to allow him to collect rent against this particular property, and for the same time in which he is occupying the building and operating for himself the foundry located thereon. The contract cannot be partially set aside and canceled for such a purpose. We might further add that, under the proof in the record, only the rent due at the time the property was taken under the contract between defendant and Barber could be claimed by defendant, and the record fails to disclose how much was due at that time. Plaintiff could not take charge of the property and operate the business as his own, under the contract, and at the same time claim rent from his former lessee.

■ Defendant's lessor's lien and privilege on the property of Barber was extinguished at the time of the contract, and if it could ever be revived under any circumstances, it is certain that it cannot be revived until the contract as a whole is decreed to be a nullity and canceled. It cannot be revived by a decree holding that a part of the property transferred, as a part of the consideration of the contract, was not the property of the vendor, and where the contract, in so far as the lien is concerned, is not canceled and annulled, and where there is no demand that it be entirely canceled and annulled.

Under the allegations of the alternative demand of defendant, it is clear that defendant's right of action is against Barber, or his heirs, for the recovery of the value of the property sold him by Barber, that he has been dispossessed of, and not against plaintiff herein, to have the property subjected to a lien and privilege which is now extinct by virtue of a contract between defendant and Barber, entered into seven or eight months prior to the filing of this suit, and which con-

tract defendant does not ask to have canceled, in so far as it affects the cancellation of the lien. Defendant therefore has no lessor's lien and privilege on the patterns owned by plaintiff.

The judgment of the lower court is correct, and it is affirmed, with costs.